IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LAYNE R. MEACHAM,<br><br>Plaintiff,<br><br>v.<br><br>LISA CHURCH, et al.,<br><br>Defendants. | ORDER<br><br>Case No. 2:08-cv-535-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Layne R. Meacham's ("Plaintiff") "Motion to Add a Newly Discovered Jane Doe"[2] and "Motion to Amend Initial Pleadings."[3] Because Plaintiff is proceeding pro se in this case, the court construes his pleadings and other submissions liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written submissions. *See* DUCivR 7-1(f).

Although only one of Plaintiff's two motions before the court specifically references rule 15 of the Federal Rules of Civil Procedure, the court construes both motions to be seeking leave

---

[1] *See* docket no. 4.

[2] Docket no. 15.

[3] Docket no. 21.

to amend his complaint pursuant to rule 15. *See* Fed. R. Civ. P. 15. Because Lisa Church, et al. (collectively, "Defendants") have already filed their answers to Plaintiff's original complaint,[4] Plaintiff can amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Since Defendants have not provided their written consent, Plaintiff is allowed to amend his complaint only with leave of court. *See id*. Pursuant to rule 15(a)(2), "[t]he court should freely give leave when justice so requires." *Id*.; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

The court recognizes the liberal standard for providing leave to amend pleadings under rule 15, *see* Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182, as well as the fact that Defendants have not formally opposed Plaintiff's motions. In addition, the court notes that this case is still in the early stages of litigation. Indeed, an initial pretrial conference is scheduled to take place next week, on December 16, 2008,[5] and the court has not yet entered a scheduling order. For these reasons, Plaintiff's motions for leave to amend his complaint[6] are **GRANTED**, and **IT IS HEREBY ORDERED** that Plaintiff shall have up to and including **December 23, 2008**, to file his amended complaint.

As a final matter, the court notes that Plaintiff has filed a motion for a scheduling order,[7] which is still pending before the court. As previously noted, the court is holding an initial

---

[4] *See* docket nos. 5, 9–11.

[5] *See* docket nos. 14, 16.

[6] *See* docket nos. 15, 21.

[7] *See* docket no. 17.

pretrial conference on December 16, 2008,[8] to resolve the scheduling issues in this case. Because Plaintiff's motion for a scheduling order will be handled at that initial pretrial conference, the court does not address it in this order.

**IT IS SO ORDERED**.

DATED this 11th day of December, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket nos. 14, 16.