IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LAYNE R. MEACHAM,<br><br>Plaintiff,<br><br>v.<br><br>LISA CHURCH, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08-cv-535-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Layne R. Meacham ("Plaintiff") is proceeding pro se in this case. Accordingly, the court construes his pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Before the court are (1) movant B.C.'s motion to quash a subpoena,[2] Defendant Duane Betournay's ("Betournay") motion for a protective order with respect to the same subpoena,[3] and Plaintiff's motion to strike statements contained in B.C's motion to quash;[4] (2) Defendant Bonnie

---

[1] *See* docket no. 4.

[2] *See* docket no. 39.

[3] *See* docket no. 40.

[4] *See* docket no. 45.

Keough's ("Keough") motion to compel[5] and Plaintiff's cross-motion for a protective order;[6] (3) Plaintiff's "Motion for Appointment as Court Officer";[7] and (4) Plaintiff's motion to modify the scheduling order.[8]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written submissions.  *See* DUCivR 7-1(f).

## I.  Motions Related to Subpoena of B.C.

The court has considered both parties' arguments on the motions related to the subpoena of B.C.  The court is persuaded by B.C.'s and Betournay's arguments and has determined that Plaintiff's arguments are without merit.  Accordingly, for the reasons set forth in B.C.'s motion and related memoranda, as well as Betournay's motion and supporting memorandum, B.C.'s motion to quash and Betournay's motion for protective order are **GRANTED**.  For the same reasons, Plaintiff's motion to strike statements contained in B.C's motion to quash is **DENIED**.

## II.  Keough's Motion to Compel and Plaintiff's Motion for Protective Order

On May 12, 2009, Keough served Plaintiff with her First Set of Interrogatories and Requests for Production of Documents.  On June 9, 2009, Plaintiff responded to those discovery requests.  Keough did not believe that Plaintiff's responses were adequate and communicated that belief to Plaintiff.  Plaintiff did not provide additional responses to the discovery requests at

---

[5] *See* docket no. 60.

[6] *See* docket no. 62.

[7] *See* docket no. 72.

[8] *See* docket no. 83.

issue. Plaintiff and Keough attempted to resolve their discovery dispute without court action but were unable to do so.

In her motion, Keough asks the court to compel Plaintiff to fully respond to the discovery requests identified in her memorandum in support of her motion to compel. With respect to the requests for production identified, Keough asks the court to also order Plaintiff to execute any necessary releases to facilitate production of Plaintiff's educational, financial, and medical records. Finally, Keough asks the court for an award of reasonable expenses, including attorney fees, incurred in bringing her motion to compel. *See* Fed. R. Civ. P. 37(a)(5).

In response, Plaintiff has filed a motion for a protective order with respect to the discovery requests at issue. Plaintiff argues that an order is necessary to protect him from annoyance, embarrassment, oppression, and undue burden and expense. *See* Fed. R. Civ. P. 26(c)(1). Plaintiff also argues that the requests seek information that is unreasonably cumulative or duplicative and can be obtained from other sources. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Specifically, Plaintiff makes the unsupported contention that much of the information sought by the discovery requests is "already available in [Keough]'s council's [sic] own law firm, the Utah Attorney General's office, from prior cases."[9] Finally, Plaintiff argues that many of the requests seek information that is not relevant. *See* Fed. R. Civ. P. 26(b)(1).

The court concludes that Plaintiff's arguments are without merit and that Keough is entitled to full responses to the discovery requests at issue. The court has reviewed the discovery requests and determined that they do indeed seek relevant information under rule 26. *See id.*

---

[9] Docket no. 63 at 2.

While responding to the requests may impose some inconvenience and cost on Plaintiff, they do not approach the level of annoyance, embarrassment, oppression, or undue burden and expense contemplated by rule 26.  *See* Fed. R. Civ. P. 26(c)(1).  Indeed, some inconveniences and costs are inherent in civil litigation.  In addition, the fact that the Utah Attorney General's office may or may not have already discovered some of the information sought by the discovery requests at issue in past cases is not relevant to Plaintiff's obligation to provide discovery in this case.  The court reminds Plaintiff that it was he, not Keough, that initiated this litigation.  The consequences of that choice are that Keough is entitled to conduct discovery into any matters considered relevant under rule 26 to defend against Plaintiff's claims, *see* Fed. R. Civ. P. 26(b)(1), and Plaintiff is required to respond to any discovery requests seeking such information.  Because it appears to the court that execution of the above-referenced releases will facilitate Plaintiff's responses to the discovery requests at issue, Plaintiff is ordered to execute those releases.

Finally, Keough asks the court to require Plaintiff to pay her reasonable expenses, including attorney fees, incurred in bringing her motion to compel.  *See* Fed. R. Civ. P. 37(a)(5).  The court has determined that such an award is not appropriate under the circumstances.

Based on the foregoing, Keough's motion to compel is **GRANTED**, and Plaintiff's cross-motion for a protective order is **DENIED**.

### III.  Plaintiff's "Motion for Appointment as Court Officer"

In this motion, Plaintiff asks the court to allow him to employ a certain procedure for his depositions, including the ability to use video recording.  The court notes that Plaintiff does not need court approval to use video recording for depositions because it is specifically contemplated

by rule 30.  *See* Fed. R. Civ. P. 30(b)(3)(A).  As to the remainder of Plaintiff's proposed procedure, the court will not allow it because it is inconsistent with many of the basic requirements for depositions under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 28, 30.  For these reasons, Plaintiff's "Motion for Appointment as Court Officer" is **DENIED**.

### IV. Plaintiff's Motion to Modify the Scheduling Order

In this motion, Plaintiff requests that the court extend by sixty days certain deadlines in the current scheduling order.  The court has not received any opposition to this motion, and the deadline for filing any such opposition has passed.  *See* DUCivR 7-1(b)(4)(B).  Accordingly, Plaintiff's motion to modify the scheduling order is **GRANTED**.  *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the motion without further notice.").  The court will enter an amended scheduling order contemporaneously with this order.

### CONCLUSION AND ORDER

In summary, **IT IS HEREBY ORDERED**:

1. B.C's motion to quash[10] and Betournay's motion for protective order[11] are **GRANTED**.  Plaintiff's cross-motion to strike certain statements contained in B.C's motion to quash[12] is **DENIED**.

---

[10] *See* docket no. 39.

[11] *See* docket no. 40.

[12] *See* docket no. 45.

2. Keough's motion to compel[13] is **GRANTED**, and Plaintiff's cross-motion for a protective order[14] is **DENIED**.

3. Plaintiff's "Motion for Appointment as Court Officer"[15] is **DENIED**.

4. Plaintiff's motion to modify the scheduling order[16] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 2nd day of October, 2009.

                                      BY THE COURT:

                                      PAUL M. WARNER
                                      United States Magistrate Judge

---

[13] *See* docket no. 60.

[14] *See* docket no. 62.

[15] *See* docket no. 72.

[16] *See* docket no. 83.