IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LAYNE R. MEACHAM,<br><br>Plaintiff,<br><br>v.<br><br>LISA CHURCH, et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:08-cv-535-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

Before the court are Layne R. Meacham's ("Plaintiff") (1) motion for leave to amend his complaint to add Chris Stock ("Stock") as a defendant;[1] and (2) motion for partial summary judgment on liability,[2] motion to amend the memorandum in support of his motion for partial summary judgment,[3] and "Motion to Hold in Abeyance" his motion for partial summary judgment.[4]  Because Plaintiff is proceeding pro se in this case, the court will construe his pleadings and other submissions liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  Based on a careful review of the parties' written submissions on the above-referenced motions, the court has concluded that oral argument is not necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 46.

[2] *See* docket no. 49.

[3] *See* docket no. 56.

[4] *See* docket no. 59.

### I. Plaintiff's Motion for Leave to Amend

Plaintiff seeks leave of court to amend his complaint to add Stock as a named defendant in this case. Plaintiff's motion for leave to amend his complaint is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

For the following reasons, the court has determined that Plaintiff should not be provided with leave to amend his complaint to add Stock. First, the scheduling order in this case indicates that Plaintiff's deadline for filing motions to amend pleadings was March 5, 2009, and his deadline for filing motions to add parties was April 5, 2009.[5] Plaintiff did not file his motion until May 29, 2009. Second, Plaintiff has failed to provide any explanation for his delay in requesting leave to add Stock as a named defendant. *See id.* Plaintiff's original complaint in this case was filed on July 15, 2008,[6] and Plaintiff has failed to demonstrate that he was unaware of Stock's involvement in the allegations underlying his claims at the time he filed his original complaint. Put another way, it does not appear that Plaintiff's request for leave to add Stock as a defendant is based upon some newly discovered evidence. Third, Plaintiff has not indicated why

---

[5] *See* docket no. 26.

[6] *See* docket no. 1.

he did not add Stock as a defendant when he was provided with leave to amend his complaint over nine months ago. *See id.* In October and November 2008, Plaintiff filed motions requesting leave to amend his original complaint.[7] In December 2008, the court granted those motions,[8] and Plaintiff filed his amended complaint.[9] Again, Plaintiff has failed to demonstrate that he was unaware of Stock's involvement in the allegations underlying his claims when he filed his amended complaint

For these reasons, Plaintiff's motion for leave to amend his complaint to add Stock as a defendant is **DENIED**.

## II. Plaintiff's Motion for Partial Summary Judgment and Related Motions

Before reaching Plaintiff's motion for partial summary judgment, the court will address Plaintiff's related motions. Plaintiff filed a motion to amend his memorandum in support of his motion for partial summary judgment. Plaintiff requests that the court allow him to supplement his supporting memorandum to include factual allegations about Chris Stock. Defendants do not object to Plaintiff's proposed amendment to include those allegations.[10] Accordingly, Plaintiff's motion to amend his supporting memorandum is **GRANTED**, and the court will consider, to the extent necessary, the supplemental affidavit Plaintiff submitted.[11]

---

[7] *See* docket nos. 15, 21.

[8] *See* docket no. 24.

[9] *See* docket no. 28.

[10] *See* docket no. 57.

[11] *See* docket no. 56 at 3.

Plaintiff has also filed a "Motion to Hold in Abeyance" his motion for partial summary judgment. In essence, Plaintiff asks the court to refrain from ruling on his motion for partial summary judgment until after the court has ruled upon his motion for leave to amend his complaint to add Mr. Stock as a defendant. The court has already denied Plaintiff's motion for leave to amend his complaint to add Mr. Stock. Accordingly, Plaintiff's "Motion to Hold in Abeyance" has been rendered **MOOT**.

Finally, the court turns to Plaintiff's motion for partial summary judgment. Pursuant to rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Even when the court liberally construes Plaintiff's motion and related submissions, the court concludes that Plaintiff has failed to demonstrate either "that there is no genuine issue as to any material fact" or that he "is entitled to judgment as a matter of law." *Id*.

Even a cursory review of Plaintiff's "undisputed" factual statements reveals that those statements do not comply with civil rule 56-1 of the Rules of Practice for the United States District Court for the District of Utah.[12]  *See* DUCivR 56-1(b). Plaintiff has failed to present his "undisputed" facts in numbered paragraphs with citations to the specific portions of the record he relies upon. *See id*. ("The memorandum in support of a motion for summary judgment must

---

[12] The Rules of Practice for the United States District Court for the District of Utah can be found online at http://www.utd.uscourts.gov/documents/06rules.html.

begin with a section that contains a concise statement of material facts as to which movant contends no genuine issue exists.  The facts must be numbered and refer with particularity to those portions of the record on which movant relies.").  Those deficiencies, by themselves, provide the court with authority to deny Plaintiff's motion.  *See* DUCivR 56-1(a)(ii) (providing that "[f]ailure to comply with the requirements of this section may result in sanctions that may include . . . denial of the motion").  Plaintiff's pro se status does not excuse him from complying with procedural rules.  *See, e.g.*, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Further, even when the procedural problems with Plaintiff's "undisputed" statement of facts are disregarded, Plaintiff has failed to demonstrate that there are no disputes about material facts.  Indeed, Defendants have indicated that they dispute many, if not all, of Plaintiff's factual statements.  In addition, many of Plaintiff's "undisputed" factual statements are based on inadmissible hearsay.  *See* Fed. R. Evid. 801, 802.

Plaintiff has also failed to establish that he is entitled to judgment as a matter of law. Plaintiff has included a string citation to several cases concerning government action and due process, but he fails to explain how those cases apply to the facts of this case.  Aside from that citation, Plaintiff simply states that he "was denied his liberty and property rights under the 14th

[A]mendment and [was] not afforded adequate due process."[13] Even if the court again disregards the deficiencies in Plaintiff's statement of "undisputed" facts, Plaintiff has failed to conduct any meaningful analysis to indicate that he is entitled to judgment on his civil rights claims.

For all these reasons, Plaintiff's motion for partial summary judgment on liability is **DENIED**.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for leave to amend his complaint to add Stock as a defendant[14] is **DENIED**.

2. Plaintiff's motion to amend his supporting memorandum[15] is **GRANTED**.

3. Plaintiff's "Motion to Hold in Abeyance"[16] has been rendered **MOOT**.

4. Plaintiff's motion for partial summary judgment on liability[17] is **DENIED**.

**IT IS SO ORDERED**.

---

[13] Docket no. 49, supporting memorandum at 4.

[14] *See* docket no. 46.

[15] *See* docket no. 56.

[16] *See* docket no. 59.

[17] *See* docket no. 49.

DATED this 2nd day of October, 2009.

                                              BY THE COURT:

                                              _____
                                              DEE BENSON
                                              United States District Judge