IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LAYNE R. MEACHAM, <br><br> Plaintiff, <br><br> v. <br><br> LISA CHURCH, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:08-cv-535-DB-PMW <br><br> District Judge Dee Benson <br><br> Magistrate Judge Paul M. Warner |

Before the court are Layne R. Meacham's ("Plaintiff") (1) motion for partial summary judgment;[1] and (2) Lisa-Michel Church, Duane Betournay, Geniel Evenson, and Diane Warner-Kerney's (collectively, "Defendants") motion for partial summary judgment.[2]  Based on a careful review of the parties' written submissions on the above-referenced motions, the court has concluded that oral argument is not necessary.  *See* DUCivR 7-1(f).

At the outset, the court notes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings and other submissions liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 69.

[2] *See* docket no. 75.

**RELEVANT BACKGROUND**

In April 1996, Plaintiff initiated a case in this court called *Meacham v. Kreher*, case no. 2:96-cv-345-TC.  In September 1997, Plaintiff initiated another case in this court called *Meacham v. Betit*, case no. 2:97-cv-710-TC.  The two cases were eventually consolidated.  In those cases, Plaintiff alleged that in 1994 his name was placed on a child abuse database maintained by the Utah Department of Human Services ("DHS") and that, as a result, he was denied a contract to provide counseling services to a state agency.  Plaintiff asserted that the actions of the DHS violated due process under the Fourteenth Amendment.  He also alleged a conspiracy between the named defendants to keep from him from working in child care services in Utah.  Plaintiff further alleged that the named defendants violated his property interests, liberty interests, and right to a pre-deprivation hearing.  He also alleged that the statutes authorizing the maintenance of the child abuse database are unconstitutional.

In July 1999, the parties stipulated to the dismissal with prejudice of the consolidated case, and Plaintiff signed a document entitled, "RELEASE OF ALL CLAIMS."[3]  In that document, Plaintiff indicated that in exchange for $35,000, he "release[d] and forever discharge[d]" all of the named defendants, as well as the DHS and its

> departments[,] . . . agencies, . . . agents, servants, employees,
> volunteers, successors, insurers, and assigns . . . from any and all
> liability, controversies, claims, demands, damages, actions, causes
> of action or suits of whatever kind or nature, which now exist or
> which may hereafter accrue, because of, for, arising out of or in any
> way connected with the certain occurrence or occurrences prior to,

---

[3] Docket no. 79, Exhibit 2.

> on or about or after August 16, 1994, as more fully described in the files and records of the United States District Court for the District of Utah, in that certain consolidated action entitled [*Meacham v. Kreher*,] Case No. 2:96CV0345[TC].[4]

The release went beyond the claims asserted in the consolidated case and covered all "all claims whatsoever in any way arising out of or relating to the . . . occurrence," including all claims "now known or unknown and whether now in existence or hereafter to arise."[5] Nowhere in the release was the DHS required to provide Plaintiff with a pre- or post-deprivation hearing, remove his name from any database, or provide a license to work with youth in Utah. As an addendum to the Release Agreement, Plaintiff reserved his right to an administrative hearing to challenge the substantiation of any past, present, or future child abuse claims made against him. As a result of the release agreement, the court dismissed all of Plaintiff's claims in the consolidated case with prejudice and on the merits.

In 2000, Plaintiff filed another case in this court called *Meacham v. Richards*, case no. 2:00-cv-760-DAK. In that case, Plaintiff alleged that he was denied a license in 1999 to work with children because his name appeared on the child abuse database. Plaintiff again asserted a violation of due process based on the presence of his name on the child abuse database. Plaintiff also challenged the constitutionality of the statutes authorizing the maintenance of the child abuse database. In addition, Plaintiff challenged the procedures for the administrative hearing that was being conducted to resolve Plaintiff's challenge to his name being listed on the child

---

[4] *Id*.

[5] *Id*.

abuse database.  In March 2002, District Judge Dale A. Kimball granted the defendants' motion for summary judgment and dismissed the case with prejudice.  The court concluded that all of Plaintiff's claims were barred by the July 1999 release agreement, with the sole exception of his challenge to the administrative hearing procedures.  After analyzing that remaining claim, the court concluded that it was without merit.

In May 2006, Plaintiff filed another case in this court against Assistant Utah Attorney General Carol Verdoia and numerous other DHS employees, including one of the Defendants in this case, Duane Betournay.  *See Meacham v. Verdoia*, case no. 2:07-cv-329-TS.  Plaintiff asserted that in January 1995, Carol Verdoia directed DHS staff to register Plaintiff as a substantiated child abuser.  Plaintiff alleged that because of his registration on the database in 1995, he was told by state officials that he could not work with children in DHS-licensed facilities.  Plaintiff asserted that in 2006, when he was employed at Bear River Mental Health to work with mentally ill adult clients, he received a letter from an individual responsible for overseeing the child abuse database.  Plaintiff contended that the letter directed him to complete a questionnaire as part of a comprehensive review to determine if Plaintiff's past abusive conduct identified in the child abuse database posed a threat to the safety of children or vulnerable adults. Plaintiff alleged that in June 2006, his employer received a notice indicating that he had failed his background screening and that, as a result, his employment was terminated.  Plaintiff asserted that he requested a deprivation hearing, but it was never provided.  Plaintiff asserted claims for "stigma plus," denial of due process in violation of his Fourteenth Amendment rights, and violation of his liberty and property interests to a pre- and post-deprivation hearing.  Plaintiff also

asked the court to declare that the statutes authorizing the maintenance of the child abuse database are unconstitutional. Plaintiff also requested injunctive relief requiring the DHS and its divisions to provide a pre-deprivation hearing before they placed any person's name on the child abuse database.

On December 7, 2007, Plaintiff signed a "RELEASE OF ALL CLAIMS AND RIGHTS" in which he agreed to dismiss *Meacham v. Verdoia* "with prejudice and on the merits."[6] The dismissal included all the named defendants and their successors and assigns from "all claims, demands, damages, actions, causes of action[,] or suits of whatever kind or nature, which now exist or which may hereafter accrue, whether legal or equitable, whether actual, pending[,] or threatened, regarding any transaction or occurrence to date."[7] The release also included "all claims, demands, damages, actions, causes of action[,] or suits of whatever kind, whether legal or equitable, that were asserted in, or that could have been asserted in, the lawsuit entitled *Mecaham v. Verdoia, et al.*, Case No. 2:07CV00329[TS]."[8] To address the potential for any future legal action, Plaintiff agreed that he would "not assert in any administrative or judicial forum any claim or right that is in any way related to the claims and rights released herein."[9] Soon thereafter, the parties filed a stipulated motion to dismiss *Meacham v. Verdoia*, and the case was dismissed with prejudice and on the merits.

---

[6] Docket no. 79, Exhibit 8.

[7] *Id*.

[8] *Id*.

[9] *Id*.

In the case currently before the court, Plaintiff asserts that "[t]his current civil rights case presently at bar . . . is nothing more than a déjà vu of the last 25-30 years."[10]  Plaintiff also contends that the DHS "has shelled out over $45,000 on three separate identical cases."[11]  In the portion of his complaint identifying previous lawsuits, Plaintiff indicates that there have been "at least five prior lawsuits for the same type of problem [P]laintiff has had with the [DHS]."[12]  Plaintiff alleges that in 2008, he was improperly terminated from his employment at a group home called Futures Through Choices.  Plaintiff asserts a claim for deprivation of due process in violation of the Fourteenth Amendment (specifically asserted as a "Stigma Plus Violation," a "Stigma Plus Continuing Violation," and "Interference in an Advantageous Business Relationship").[13]  Plaintiff seeks a declaration that the statutes authorizing the maintenance of the child abuse database are unconstitutional.  Plaintiff also seeks injunctive relief enjoining any use of the child abuse database until all individuals listed on that database are provided with some type of deprivation hearing.  Plaintiff also seeks general, special, and punitive damages.

## STANDARD OF REVIEW

"Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" *Chastain v. AT&T*, 558 F.3d 1177, 1181 (10th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)) (alteration in original).  When

---

[10]  Docket no. 1.

[11]  *Id*.

[12]  *Id*.

[13]  *Id*.

considering a motion for summary judgment, the court views "all facts in the light most favorable to the party opposing summary judgment." *Id*. at 1180 (quotations and citation omitted).

## ANALYSIS

### I. Release Agreements

Defendants argue that all but one of Plaintiff's claims in this case are barred by the release agreements Plaintiff signed in 1999 and 2007, consistent with Judge Kimball's final ruling in *Meacham v. Richards*. Accordingly, Defendants ask the court to grant summary judgment in their favor on all of Plaintiff's claims, with the sole exception of his alleged loss of employment with Futures Through Choices.

As noted above, Plaintiff signed a release agreement in July 1999 in which he indicated that in exchange for $35,000, he "release[d] and forever discharge[d]" all of the named defendants, as well as the DHS and its "departments[,] . . . agencies, . . . agents, servants, employees, volunteers, successors, insurers, and assigns" from any existing or future claims "arising out of or in any way connected with the certain occurrence or occurrences" described in the consolidated case of *Meacham v. Kreher*.[14] The release went beyond the claims asserted in that case and covered all "all claims whatsoever in any way arising out of or relating to the . . . occurrence," including all claims "now known or unknown and whether now in existence or

---

[14] Docket no. 79, Exhibit 2.

hereafter to arise."[15] As a result of the release agreement, the court dismissed all of Plaintiff's claims in *Meacham v. Kreher* with prejudice and on the merits.

Plaintiff signed yet another release agreement in December 2007, in which he agreed to dismiss *Meacham v. Verdoia* "with prejudice and on the merits."[16] The dismissal included all the named defendants and their successors and assigns from any claims "which now exist or which may hereafter accrue, whether legal or equitable, whether actual, pending[,] or threatened, regarding any transaction or occurrence to date."[17] The release also included "all claims, demands, damages, actions, causes of action[,] or suits of whatever kind, whether legal or equitable, that were asserted in, or that could have been asserted in, the lawsuit entitled *Mecaham v. Verdoia*."[18] To address the potential for any future legal action, Plaintiff agreed that he would "not assert in any administrative or judicial forum any claim or right that is in any way related to the claims and rights released herein."[19] As a result of the release agreement, the court dismissed all of Plaintiff's claims in *Meacham v. Verdoia* with prejudice and on the merits.

Although Plaintiff admits that he signed the above-referenced release agreements, he argues that those agreements do not bar his claims in this case. That argument is without merit. Consistent with Judge Kimball's final ruling in *Meacham v. Richards*, the court has determined

---

[15] *Id*.

[16] Docket no. 79, Exhibit 8.

[17] *Id*.

[18] *Id*.

[19] *Id*.

that the events described in this case arise out of the same occurrences at issue in Plaintiff's previous lawsuits. Two of those lawsuits were dismissed with prejudice and on the merits as a result of the release agreements, and both of the release agreements clearly provide that Plaintiff agreed to never again pursue any existing or future claims related to the events described in the two underlying lawsuits. Furthermore, in *Meacham v. Richards*, Judge Kimball concluded that the Plaintiff's core claims were barred by the 1999 release agreement. In this case, it appears that Plaintiff is simply attempting, as he has several times before, to re-litigate the core claims from his previous lawsuits. The court concludes that those core claims are barred by the clear and unequivocal language of the release agreements.

Based on the foregoing, the court concludes that Defendants are entitled to summary judgment on all of Plaintiff's claims in this case, with the sole exception of his claim for alleged loss of employment with Futures Through Choices. For the same reasons, the court concludes that Plaintiff is not entitled to summary judgment on any of his claims.

## II. Constitutional Challenges

In addition to their main argument with respect to the release agreements, Defendants also ask the court to consider Plaintiff's constitutional challenges to the statutes underlying the child abuse database and declare that those statutes are constitutional. "The Supreme Court has long endorsed, if not always adhered to, the notion that federal courts should address constitutional questions only when necessary to a resolution of the case or controversy before it. This is a fundamental rule of judicial restraint." *United States v. Cusumano*, 83 F.3d 1247, 1250 (1996) (quotations, citations, and footnote omitted). Because the court has concluded that Plaintiff's

core claims, including his constitutional challenges, are barred by the release agreements, it is unnecessary for the court to reach those constitutional challenges. *See id*. Accordingly, the court will not address them.

* * * * *

In summary, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for partial summary judgment[20] is **DENIED**.

2. Defendants' motion for partial summary judgment[21] is **GRANTED**, and all of Plaintiff's claims, with the exception of his claim for alleged loss of employment with Futures Through Choices, are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED this 5th day of November, 2009.

BY THE COURT:

*[signature: Dee Benson]*

DEE BENSON
United States District Judge

---

[20] *See* docket no. 69.

[21] *See* docket no. 75.