IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LAYNE R. MEACHAM,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LISA CHURCH, et al.,<br><br>　　　　Defendants. | MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:08-cv-535 |

　　　　The plaintiff, Layne R. Meacham, sued the defendants, seeking damages for an alleged deprivation of due process. Mr. Meacham asserts that the defendants, employees of the state of Utah, wrongly kept his name on a potential-abuser database and wrongfully released this information, most recently to his supervisor at Future Through Changes. Mr. Meacham also seems to assert that the defendants deprived him of his due process rights by urging his employers to suspend him from work until accusations of sexual abuse made by B.C., a minor and former pyschotherapy patient, were cleared.

　　　　On October 2, Magistrate Judge Warner denied Mr. Meacham's motion to strike statements contained in a third party's motion to quash, his motion for a protective order, and his motion for appointment as a court officer (dckt. no. 86). In this same order, the Magistrate Judge granted the Guardian ad Litem's motion to quash subpoena, defendant Betourney's motion for

protective order, and defendant Keough's motion to compel.  On the same day, this court denied Mr. Meacham's motion for leave to amend his complaint to add a new defendant, his motion to hold in abeyance, and his motion for partial summary judgment (dckt. no. 88).  Mr. Meacham subsequently filed an Objection to the Magistrate Judge's Conclusions and Order and requests this court to also reconsider its rulings.

Mr. Meacham is pursuing this litigation without counsel; therefore, when considering his objections and requests, this court will construe his submissions liberally.  Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).  But despite this liberal construction of the plaintiff's submissions, the court must still "insist[] that pro se parties follow the same rules of procedure that govern other litigants." Hall v. Witteman, 584 F.3d 859, 863-64 (10th Cir. 2009) (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).

## I.  THE MAGISTRATE JUDGE'S ORDERS WERE NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW

When considering timely objections to a magistrate judge's order on nondispositive matters, the court defers to the magistrate judge's ruling unless it was clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); *Allen v. Sybase*, 468 F.3d 642, 658 (10th Cir. 2006).  A factual ruling is clearly erroneous when "the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" *Kounelis v. Sherrer*, 529 F.Supp.2d 503, 518 (D.N.J. 2008).  "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Id.*

In this case, the Magistrate Judge considered four nondispositive issues; Mr. Meacham objects to three of the magistrate's rulings on these matters.  The court concludes that none of the

magistrate's rulings were clearly erroneous or contrary to law. Each of these rulings are addressed in turn below.

*A. Motions Related to Subpoena of B.C.*

Mr. Meacham filed a subpoena seeking the deposition of B.C., a minor who accused him of sexual abuse. Mr. Meacham indicated that he was not seeking B.C.'s testimony about the minor's allegations of sexual abuse to police but that instead he was seeking the testimony of B.C. about whether defendant Bonnie Keough had ever disclosed to him or to others while he was present that Mr. Meacham was on the state's potential-abuser database (dckt. no. 52).

The minor's Guardian ad Litem moved to quash the subpoena, arguing that Mr. Meacham was seeking privileged information or information of which B.C. had no personal knowledge. The Guardian ad Litem also argued that requiring the minor to testify would violate the child's right against self-incrimination, that the minor was unavailable to testify, that other witnesses were available to testify to the same issues, and that it is not in B.C.'s best interest to testify in the above-captioned case. Mr. Meacham moved to strike portions of the Guardian ad Litem's motion, asserting that they were libelous.

Mr. Betourney, the director of the Division of Family Services and one of the parties to whom the subpoena was directed, moved for a protective order arguing that he was without legal authority to produce B.C. for a deposition. Mr. Betourney also argued that subpoenaing B.C. was unduly burdensome and joined the Guardian ad Litem's argument that, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, B.C. has a right to not testify.

The Magistrate Judge agreed with the Guardian ad Litem's and Betourney's arguments

and granted the motion to quash the subpoena and the motion for a protective order. Mr. Meacham objects to this ruling and argues that B.C. is not unavailable and that the statements made in B.C.'s motion to quash biased the Magistrate Judge against him.

The Magistrate Judge did not clearly err when he quashed the subpoena of B.C. The subpoena seeking B.C.'s deposition would create an unreasonable burden when compared to the benefit the deposition would provide. A party "may obtain discovery regarding any matter not privileged, that is relevant to the claim or defense of any party [or that ] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Consequently, '[a] party is entitled to depose a witness on all relevant issues as to which the witness has knowledge." *Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005) (quoting *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984). This entitlement, as with all discovery, is limited by Rule 26 if the discovery causes annoyance, embarrassment, oppression, or undue burden or expense or seeks privileged or otherwise protected information. Fed. R. Civ. P. 26(c) & 45(c)(3)(A)(iii) & (iv). In other words, the court may quash or modify a subpoena that is unreasonable. Federal Practice and Procedure § 2463.1; *Positive Black Talk, Inc. v. Cash Money Records, Inc.* 394 F.3d 357, 377 (5th Cir. 2004). The reasonableness of a subpoena depends on the balance of the interest served by demanding compliance with the subpoena against the interests served by quashing it. *Id.* This balancing of the subpoena's benefits and burdens "calls upon the court to consider whether the information is necessary and available from any other source." Federal Practice and Procedure § 2463.1.

Reviewing the facts in this case, the court concludes that the Magistrate Judge did not err

4

in quashing the subpoena and granting a protective order when the information Mr. Meacham sought to obtain via the subpoena was not necessary and was available from other sources. In this case, Mr. Meacham's claims rest on what the defendants communicated to his employer Futures Through Choices and what information was available to the defendants at the time any communications were made. B.C.'s testimony is not necessary to such claims. This information, as well as information about what transpired during Mr. Meacham's treatment of B.C., is available from other sources. Thus, weighing the burden that deposing B.C. would impose and the need for his testimony, the court concludes that the Magistrate Judge's decisions to quash the subpoena of B.C. and grant a protective order were not clearly erroneous or contrary to law. In addition, the court concludes that the Magistrate Judge did not err in denying the motion to strike. His decision was not influenced by the conclusory and accusatory statements made by the Guardian ad Litem or by similar statements made by Mr. Meacham himself. Having determined that the Magistrate Judge's decision was valid based on Rule 26(c) and Rule 45(c), the court will not address the other legal grounds that the parties argued in support and on which the Magistrate Judge relied.

> *B. Keough's Motion to Compel and Plaintiff's Motion for Protective Order*

As part of the discovery process, defendant Bonnie Keough moved to compel Mr. Meacham to fully respond to her First Set of Interrogatories and Requests for Production of Documents. In particular, Ms. Keough sought from Mr. Meacham information regarding his work history and prior litigation efforts. Ms. Keough also sought educational, financial, and medical records. In that same motion, Ms. Keough sought an award of reasonable fees and

expenses incurred in bringing the motion to compel.

After reviewing the discovery requests, the Magistrate Judge determined that the requests sought relevant information under Federal Rule of Civil Procedure 26; therefore, the Magistrate Judge granted the motion to compel and denied Mr. Meacham's motion for protective order. The Magistrate Judge denied Ms. Keough's request for fees.

Mr. Meacham now objects to that order, arguing that Ms. Keough's requests for medical records were overreaching and sought irrelevant information. Mr. Meacham accuses Ms. Keough's attorney of using the discovery requests to retaliate against Mr. Meacham.

The Magistrate Judge's order was not clearly erroneous or contrary to law. Federal Rule of Civil Procedure 26(b) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible information." In this case, Mr. Meacham is seeking compensation for physical and emotional damages. His medical records are relevant to determining the causation and the extent of his physical and emotional condition. Mr. Meacham has put his physical and emotional health at issue. The Magistrate Judge did not err in ordering Mr. Meacham to provide information regarding this issue and to produce the relevant records, including medical records for a thirty (30) year period.[1] Accordingly, the court rejects Mr. Meacham's objections to the Magistrate Judge's order regarding Ms. Keough's Motion to Compel and Mr. Meacham's Motion for a Protective

---

[1] In his objections, Mr. Meacham made repeated reference to an ailment he suffered in 1972. The court notes that this medical event falls outside the period for which Ms. Keough sought medical records.

Order.

*C. Plaintiff's Motion for Appointment as a Court Officer*

To reduce the cost of depositions, Mr. Meacham moved the court to appoint him as a court officer so that he could conduct video depositions in accordance with Federal Rules of Civil Procedure 28 and 30. The Magistrate Judge noted that video depositions are contemplated by Rule 30 and that Mr. Meacham could use this recording method without permission of the court. However, the Magistrate Judge held that the procedures that Mr. Meacham proposed to allow him to take the deposition himself were inconsistent with many of the basic requirements for depositions under the federal rules and denied his motion. This holding was not in error.

Video depositions are specifically allowed under Federal Rule of Civil Procedure 30(b)(3). All such depositions must be taken before an officer of the court appointed under Rule 28. Fed. R. Civ. P. 30(b)(A). This rule may be waived, *id.*, but in this case the defendants did not stipulate to an unappointed person conducting the deposition. Mr. Meacham argues that this requirement should be overlooked or that he should be appointed as a court officer. There is limited case law allowing nonauthorized persons to conduct depositions based on the rationale that the policy "informing . . . Rule [28(c) and 30(b)(5)]-to assure impartiality in the creation of the record of the deposition-is inapplicable where tape recorders are used, rather than stenographers or court reporters." *See, e.g., Sheppard v. Beerman*, 822 F. Supp. 931, 941 (E.D.N.Y. 1993) (discussing *Marlboro Prod. Corp. V. N. Am. Phillips Corp.*, 522 F.R.D. 487, 489 (S.D.N.Y. 1972)). Such cases, including those cited by Mr. Meacham, did not address the factual situation present here, where the party himself seeks to take the deposition and record the

deposition. *Sheppard*, 822 F. Supp. at 941. Moreover, these cases predate the 1993 Amendments to Rule 30. The advisory committee explained that among the amendments, paragraph 5 was revised to "require[] that all depositions be recorded by an officer designated or appointed under Rule 28 and to contain[] special provisions designed to provide basic safeguards to assure the utility and integrity of recordings taken other than stenographically." Fed. R. Civ. P. 30, advisory committee note. The plain language of this rule is clear: absent a waiver, "a deposition must be conducted before an officer appointed or designated under Rule 28." The Magistrate Judge did not err on this point.

Mr. Meacham, however, also argues that he should be appointed under Rule 28 to serve as an authorized officer. As a party to the case, Mr. Meacham is disqualified from acting as an authorized person. Rule 28(c) disqualifies "a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action." In this case, Mr. Meacham is seeking monetary damages for the harm he alleges the defendants caused him. He is undoubtedly financially interested in the outcome and therefore disqualified. The Magistrate Judge did not err in denying Mr. Meacham's motion to authorize him to take depositions.

II. THE COURT DENIES MR. MEACHAM'S REQUEST TO RECONSIDER ITS ORDER.

Federal Rule of Civil Procedure 54(b) "allows a court to revisit any order that rules on less than all of the claims in a case." *Allbright v. Attorney's Title Ins. Fund*, No. 2:08cv00517, 2008 WL 376247 at *2 (D. Utah 2008) (quoting *SCO Group, Inc. v. Novell, Inc.*, 2007 WL 2746953, *1 (D. Utah Sept. 14, 2007)). Often styled as a motion to reconsider, a party

requesting the court to revisit an order must put forth "grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." *Id.* (quoting *SCO Group, Inc. v. Novell, Inc.*, 2007 WL 2746953, *1 (D. Utah Sept. 14, 2007)). Moreover, "the basis for the motion to reconsider must not have been available at the time" the original motion was filed. *Id.*

In this case, this court denied Mr. Meacham's motion to amend as untimely and denied his motion for partial summary judgment. Mr. Meacham disagrees with these decisions, but has failed to provide grounds to warrant a reconsideration of this court's prior decision. Instead, Mr. Meacham merely disagrees with the court's application of the law and repeats the same arguments presented in his original motions. These are insufficient grounds for the court to revisit its order. Consequently, the court denies Mr. Meacham's Motion to Reconsider.

It is so ORDERED.

Dated this 19th day of April, 2010.

BY THE COURT

_____
Dee Benson
U.S. District Court Judge
