IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LAYNE R. MEACHAM, <br><br> Plaintiff, <br><br> vs. <br><br> LISA CHURCH, et al., <br><br> Defendants. | ORDER <br><br><br><br><br> Case No. 2:08-cv-535 |

The plaintiff, Layne R. Meacham, sued the defendants, seeking damages for an alleged deprivation of due process. Mr. Meacham asserts that the defendants, employees of the state of Utah, wrongly kept his name on a potential-abuser database and wrongfully released this information, most recently to his supervisor at Future Through Changes. Mr. Meacham also seems to assert that the defendants deprived him of his due process rights by urging his employers to suspend him from work until accusations of sexual abuse made by B.C., a minor and former pyschotherapy patient, were cleared.

On April 19, 2010 this court entered a Memorandum Decision upholding the Magistrate Judge's decisions on three nondispositive issues, including the granting of a motion to quash the subpoena of B.C., a minor. (Dckt. No. 93) Mr. Meacham[1] now moves the court to reconsider

---

[1] Mr. Meacham is pursuing this litigation without counsel; therefore, when considering his objections and requests, this court will construe his submissions liberally. Ledbetter v. City of

the court's decision to uphold the quashing of his subpoena. His memorandum in support responds to the guardian ad litem's arguments made in support of her original motion to quash. The court finds these argument inappropriate for a motion to reconsider.

The purpose for motions to reconsider is limited. A motion to reconsider is appropriate when the court has obviously erred in interpreting the party's position, assessing the facts, or applying the law, or when new evidence is found that could not have been obtained despite the parties' due diligence. *Comeau v. Rupp*, 810 F.Supp. 1172, 1175 (D. Kan. 1992). "[R]evisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed' is likewise inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

In this case, Mr. Meacham's motion fails to raise one new issue of merit but instead rehashes arguments made to the Magistrate Judge. The court's reasons for upholding the Magistrate Judge's decision are set forth at length in the prior order, and there is no need to revisit those issues. Therefore, the court declines to reconsider Mr. Meacham's opposition to the motion to quash subpoena.

---

Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003). But despite this liberal construction of the plaintiff's submissions, the court must still "insist[] that pro se parties follow the same rules of procedure that govern other litigants." Hall v. Witteman, 584 F.3d 859, 863-64 (10th Cir. 2009) (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).

It is so ORDERED.

Dated this 9th day of September, 2010.

BY THE COURT

_____
Dee Benson
U.S. District Court Judge