# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| LAYNE R. MEACHAM, <br><br>Plaintiff, <br><br>v. <br><br>LISA CHURCH, et al., <br><br>Defendants. | MEMORANDUM DECISION AND ORDER <br><br>Case No. 2:08-cv-535-DB-PMW <br><br>District Judge Dee Benson <br><br>Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Layne R. Meacham's ("Plaintiff") motion for an extension of the deadline for him to designate experts and submit his expert reports.[2] Because Plaintiff is proceeding pro se in this case, the court will construe his pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

---

[1] *See* docket no. 4.

[2] *See* docket no. 109.

"District courts are properly granted broad discretion over discovery and scheduling matters . . . ." *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007).

Plaintiff initiated this case in July 2008,[3] and the first scheduling order was entered in December 2008.[4] Since that time, the schedule in this case has been continued, in whole or in part, four times.[5] The most recent schedule explicitly indicates that Plaintiff's expert reports were due on October 15, 2010, and that the expert discovery deadline was December 31, 2010.[6] That schedule also indicates that the deadline for dispositive motions is January 31, 2011.[7] On December 13, 2010, nearly two months after expiration of the relevant deadline, Plaintiff filed the instant motion, in which he requests a ninety-day extension in which to designate his experts and submit his expert reports.

For the following reasons, the court concludes that it will not allow Plaintiff's requested extension. First, as demonstrated by the above-referenced history of this case relative to scheduling, Plaintiff has had more than sufficient time to designate experts and file expert reports. Second, Plaintiff's motion, which was filed nearly two months after expiration of the relevant deadline, is simply too late. Third, while the court understands that Plaintiff may be suffering from certain disabilities, the court is not persuaded by Plaintiff's arguments that he has

---

[3] *See* docket no. 1.

[4] *See* docket no. 26.

[5] *See* docket nos. 42, 87, 96, 103.

[6] *See* docket no. 96.

[7] *See id*.

been unable to prosecute this case. Plaintiff has had more than sufficient time to prosecute this case, even when taking into account his asserted disabilities. Finally, the court is not persuaded by Plaintiff's assertion that he misunderstood the scheduling order. Although Plaintiff is proceeding pro se, that does not excuse him from complying with the basic requirements of procedural rules, including scheduling deadlines. *See, e.g.*, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Based on the foregoing, Plaintiff's motion for an extension of the deadline for him to designate experts and submit his expert reports[8] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 13th day of January, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 109.